UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20631-CR-GAYLES

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

v.

**TAILY RODRIGUEZ,**

 **Defendant.**
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Taily Rodriguez's Expedited Motion for Compassionate Release and Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release (the "Motion"). [ECF No. 331]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Defendant is a 29-year-old woman incarcerated at the Federal Correctional Institution, Alderson ("FPC Alderson"), with a projected release date of April 30, 2023. On July 23, 2020, the Court sentenced Defendant to a 24-month term of imprisonment and a 3-year term of supervised release for conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349. [ECF No. 224]. On June 28, 2022, the Warden at FPC Alderson denied Defendant's request for home confinement because Defendant had not served at least half her sentence and had more than 18 months remaining on her sentence. [ECF No. 335-1].

Defendant now asks the Court to reduce her sentence to time served. Defendant alleges her health conditions—anemia, tachycardia, and latent tuberculosis—constitute extraordinary circumstances warranting her release. [ECF No. 331].

## II.     LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted her administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with

2

the Defendant to establish that her request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

III.   **DISCUSSION**

   A.   **Administrative Remedies**

The parties dispute whether Defendant exhausted her administrative remedies. On May 31, 2022, Defendant sent correspondence to the Warden at FPC Alderson requesting release to home confinement based on the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). [ECF No. 335]. After the Warden denied her general request for release to home confinement, Defendant filed the instant motion. [ECF No. 331]. The Government argues that Defendant has not exhausted her administrative remedies because she did not specifically request a reduction of her sentence based on compassionate release. [ECF No. 335]. The Court finds that, for purposes of this Motion, Defendant has exhausted her administrative remedies.

   B.   **Section 3553(a) Factors**

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

The Court considered the § 3553(a) factors at the time of sentencing and concluded that a term of 24-months' imprisonment was appropriate in this case. [ECF No. 224]. Defendant has not

provided a new and convincing basis—aside from her alleged medical conditions—supporting a modification to the imposed sentence based upon § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. Jun. 1, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by § 3553(a) factors); *see also United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). Thus, the Court finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

### C. Extraordinary and Compelling Reasons

Further, Defendant fails to provide extraordinary and compelling reasons warranting her release. Though undefined in the statute, extraordinary and compelling reasons under the Sentencing Guidelines include:

> **(A) Medical Conditions of the Defendant.**
>
> > (ii) The Defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineates several conditions and risk factors that lead to a higher risk of severe illness from COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited February 2, 2023). Medical conditions that lead to a higher risk of severe illness include heart failure, coronary artery disease, high blood pressure, and tuberculosis. *Id.*

"[A] compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). "[T]he only kinds of medical conditions that rise to the level of extraordinary and compelling are as follows: if the medical condition (i) is a terminal illness or (ii) 'substantially diminishes the ability of the defendant to provide self-care within' prison." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding that defendant's medical conditions were manageable in prison, despite the existence of the Covid-19 pandemic) (internal citations omitted).

Here, Defendant argues that her health conditions of anemia, tachycardia, and latent tuberculosis put her at an increased risk of serious health complications if she were to contract COVID-19. However, the Court finds that Defendant's conditions, alone or in combination with COVID-19, do not constitute extraordinary or compelling circumstances. Defendant's conditions are not listed by the CDC as medical conditions that lead to a higher risk of severe illness. Further, Defendant has not proven an inability to provide self-care within the prison. Defendant's medical

records indicate that any symptoms of latent tuberculosis are being treated, and Defendant is on medication to treat her tachychardia. [ECF No. 331-1].

Additionally, Defendant is fully vaccinated against COVID-19, substantially diminishing any risk of serious illness. *See United States v. Cilla,* No. 21-13248, 2022 WL 4007461, at *2 (11th Cir. Sept. 2, 2022) (holding that a Defendant with chronic bronchitis, asthma, and a heart condition that fully recovered from COVID-19 and is fully vaccinated failed to show a risk of serious illness should he remain incarcerated). Thus, no extraordinary and compelling circumstances exist to justify Defendant's compassionate release. § 3582(c)(1)(A(i).[1]

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Taily Rodriguez's Expedited Motion for Compassionate Release and Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release [ECF No. 331] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Wednesday, April 19, 2023

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiff has not established extraordinary and compelling reasons warranting her release, the Court does not address whether Plaintiff is a danger to the community. The Court notes, however, that Plaintiff committed a non-violent crime and has no criminal history.